By the Court.
The claim of the plaintiff and .. . , , . founded on an open account m which a balance is established against the appellee, was, by consent of parties, submitted to referees chosen r by themselves. It is said, in the rule, that those . . referees are to examine all the matters, m difference between the parties, and that their report shall be made the judgment of the court. The report beipg brought in, the appellant moved to have it *319 confirmed and made the judgment of the court; but its confirmation having been objected to by the appellee, the court thought fit to enquire into the merits of the case and to set aside part of the report.
East. District.
June 1814.
The appellant contends that the court had no tight to enquire into the merits of this report, because this was not a mere reference of accounts by the court itself, as provided for by the 20th. section of the act regulating the practice of the late superior court, but a submission of the parties to have all their differences settled by referees of thei? own choice.
Th e r e are but two ways of obtaining the de-cisipn of differences ; one is by applying to the constitutional judges ; the other by submitting the difference to judges chosen by the parties themselves. For the manner of pursuing either of these two modes, provision is made by law. Parties are bound to follow the course of proceedings there established. If they choo'se to deviate from them, the constitutional authorities cannot lend them their assistance,
What have the parties done in the present, case ? They have come before the court of the first district for a settlement of their dispute. But, pending the suit,' they agreed to refer the examination of their case to persons of their own *320 choice, whose report should be made the judo:J . ' ⅛ ment of-the court: The question then is ; does this amount'to a submission . which took the case from the court to lav it before arbitrators f Or is it nothing more than a reference subject to the further approbation or disapprobation of the court ? That it is not altogether such a reference as is provided for by the act regulating the practice of the late superior court is very certain; but it is equally true that it bears as little resemblance to the submission dr compromise by which the parties agree to have their disputes settled by other per-§£?ns. than their constitutional judges.
Without adverting to the numerous differences which distinguish this case from a ease of arbitration, it is sufficient to observe that here the referees derive their authority from the coprt, while arbitrators derive it from the parties ; that referees are appointed to report to the court their opinion, while arbitrators are authorised to act as judges themselves and actually do pronounce judgment ; that in the case of an arbitratidn the award is a complete and final decision, after which an application to a court of justice is resorted to for the only purpose of obtaining its assistance for the execution of the award; while in a case of reference, the confirmation of the report by the court is what makes it a, judgment.
Whateví;Rinterpretation,therefore, theappel- *321 Jant-may give to the words of the rule of reference, by which it is said that the report shaU be made the iudumeut of the Court, still it is a report, and J ° . ... . cannot become a judgment, until the court is satisfied of its justice and correctness. Eyeninthe countries where the practice of, such references is customary, the judges preserve the right of withholding their approbation of the award, where error appears on the face of it.
The District Judge, therefore, not only had a right to enquire . into this report ; but it was his duty to satisfy himself of its correctness/ before he sanctioned it. He. did so, and found it just to confirm it only in part. But it is said that, on such part, as he thought fit to reject, he refused to hear the evidence which one of the parties offered to produce. -
In this he would have erred, had the evidence proposed been such as might have thrown some light on the matter. But it being relative to a question, often investigated by the courts of this country, to wit, whether, according to the custom of merchants here, interest may be allowed on open accounts, where the parties have made no convention to that effect, the District Court may well have refused to hear any thing further on the subject.
It is also the opinion of this Court that, what *322 ever *je ^lat custom, interest upon running accounts cannot be allowed by courts of justice, except from the time of the judicial demand, where the understanding of the parties as to the payment of interest is not shewn.
It is adjudged and decreed that the judgment of the district cpurt be affirmed with costs.